IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNICON LIMITED,**<br><br>Address: 85 Great Portland Street, London W1W 7LT, United Kingdom<br>                 *Petitioner*,<br><br>v.<br><br>**MINISTRY OF ENERGY AND WATER OF THE ISLAMIC REPUBLIC OF AFGHANISTAN,**<br><br>Address: Darulaman Road, Sanatoruim, Kabul, Afghanistan<br>                 *Respondent*. | Civil Action No.  1:26-cv-450 |

**PETITION TO CONFIRM FOREIGN ARBITRAL AWARD**

Petitioner Unicon Limited ("Unicon" or "Petitioner"), by and through undersigned counsel, hereby files its Petition and states:

**NATURE OF THE ACTION**

1. Arising from a World Bank funded project to provide supervision, quality assurance, and technical support for the construction of a gas pipeline from Sheberghan to Mazar-e-Sharif, Petitioner Unicon brings this action to confirm an arbitral award dated February 17, 2023 (the "Award") in the amount of US$1,313,138.11 plus interest, against the Ministry of Energy and Water of the Islamic Republic of Afghanistan ("Respondent"). The two parties are collectively referred to as "the Parties". A true and correct copy of the Award is attached as Exhibit 1 to the Declaration of Akin Alcitepe ("Alcitepe Decl.") which is filed herewith. The Award was rendered in Petitioner Unicon's favor at the conclusion of arbitral proceedings conducted in Dubai, United Arab Emirates, pursuant to the United Nations Commission on International Trade Law ("UNCITRAL") Arbitration Rules.

2. To date, Respondent has paid no portion of the Award.

3. Pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958 (the "New York Convention"), as implemented at 9 U.S.C. §§ 201-208, Unicon petitions the Court to (i) enter an order enforcing the Award in the same manner as a final judgment issued by a court in the United States; (ii) enter judgment in Unicon's favor and against Respondent in the amount of the Award, with interest and costs as provided therein, as set out in the Prayer below; and (iii) grant such other and further relief as the Court deems just and proper.

## THE PARTIES

4. Petitioner Unicon, incorporated in 2006, is a consulting firm that provides development advisory services in fragile states to bilateral and multilateral aid agencies (including the World Bank Group, the Asian Development Bank, and other development institutions), as well as to governments and private companies. Unicon has worked in more than 80 countries across Europe, Asia, Africa, and the Pacific, focusing on assignments that improve the livelihoods and living conditions of local populations. Unicon is a limited company registered under the laws of England and Wales, located at 85 Great Portland Street, London W1W 7LT, United Kingdom.

5. The Islamic Republic of Afghanistan is a foreign state within the meaning of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1332, 1391(f), 1441(d), and 1602-11.

6. The Ministry of Energy and Water of the Islamic Republic of Afghanistan, within the context of the underlying dispute and this Petition, is a political subdivision and integral governmental component of the Islamic Republic of Afghanistan and thus a "foreign state" within the meaning of the FSIA, 28 U.S.C. § 1603(a).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction on two statutory grounds: (i) under 28 U.S.C. § 1330(a), because the Respondent is not entitled to immunity under 28 U.S.C. § 1605(a)(6) and, independently, has expressly waived immunity under 28 U.S.C. § 1605(a)(1); and (ii) under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 203, because this action falls under the New York Convention.

8. Section 1330(a) provides that the district courts shall have original jurisdiction of any nonjury civil action against a foreign state, as defined in 28 U.S.C. § 1603(a), with respect to which the foreign state is not entitled to immunity under 28 U.S.C. §§ 1605-1607 or under any applicable international agreement.

9. Respondent is not entitled to immunity under 28 U.S.C. § 1605(a)(6) because this is an action to confirm an arbitral award governed by the New York Convention, a treaty to which the United States is a party, that provides for the recognition and enforcement of arbitral awards. Respondent is a "foreign state" within the meaning of 28 U.S.C. § 1603(a). This Court has original subject matter jurisdiction over this proceeding to confirm and recognize the Award pursuant to 9 U.S.C. § 203, which provides that the United States District Courts have original subject matter jurisdiction, regardless of amount in controversy, over a proceeding governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention"). This proceeding is governed by the New York Convention because the underlying arbitration was a non-domestic commercial arbitration involving a foreign respondent. This Court also has original subject matter jurisdiction pursuant to 28 U.S.C. § 1330(a), which provides that district courts shall have original jurisdiction of any nonjury civil action against a foreign state as defined in 28 U.S.C. § 1603(a) with respect to which the foreign state is not entitled to immunity under 28 U.S.C. §§ 1605-1607 or any applicable international agreement.

10. The Award falls within the scope of the New York Convention and is enforceable under the FAA because: (i) it arose from a commercial legal relationship between the Parties; (ii) the Parties entered into an agreement in writing to arbitrate disputes arising from that relationship; (iii) the arbitration was conducted in the United Arab Emirates, a signatory to the New York Convention; and (iv) at least one party is not a citizen of the United States. See 9 U.S.C. § 202.

11. This action also falls within the FSIA's waiver exception, 28 U.S.C. § 1605(a)(1). Special Conditions (SCC) of the contract entered into between the Parties (see, the contract between the two Parties attached as Exhibit 2 to the Alcitepe Decl.) states that the arbitral decision "shall be final and binding and shall be enforceable in any court of competent jurisdiction, and the **Parties hereby waive any objections to or claims of immunity** in respect of such enforcement." SCC § 49.5(c). Respondent thus expressly waived sovereign immunity from enforcement of the Award.

12. Section 203 of the FAA provides that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States," and confers original jurisdiction on the district courts to hear such actions. 9 U.S.C. § 203. Because this Petition seeks recognition of the Award, § 203 supplies an additional basis for subject matter jurisdiction.

13. This Court has personal jurisdiction over Respondent pursuant to 28 U.S.C. § 1330(b), because Respondent is not entitled to immunity under 28 U.S.C. § 1605, and because service will be affected in accordance with 28 U.S.C. § 1608.

14. Venue is proper in this District under 9 U.S.C. § 204 and 28 U.S.C. § 1391(f), including § 1391(f)(4), which provides that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

15. This Petition is timely under 9 U.S.C. § 207 because it is filed within three years of

the Award, which was made on February 17, 2023.

## FACTS

**I.      The Dispute and the Award: Respondent's Refusal to Pay for Services Rendered**

16.     The relationship between the Parties arose in the context of a World Bank Group ("WBG") financed project, funded under the agreement between the Islamic Republic of Afghanistan and the World Bank Group, to lay the groundwork for the Mazar-e-Sharif Gas-to-Power Project, which aimed to increase the capacity and reliability of Afghanistan's domestic power production (the "Project"). The WBG-funded activities in support of the Project were to be implemented through the Ministry of Energy and Water, with funding provided by the WBG. Alcitepe Decl., Exhibit 1, Award, ¶ 147.

17.     In furtherance of this Project, the Government of Afghanistan and the WBG invited requests for proposals for a consultancy contract for a "Supervision Engineer" to assess the delivery of natural gas and to provide supervision, quality assurance, and technical support for the construction of a gas pipeline from Sheberghan to Mazar-e-Sharif. *Id.*, ¶ 148.

18.     In this context, Petitioner Unicon and Respondent entered into a contract to provide consultancy services in relation to the construction of a gas pipeline from Sheberghan to Mazar-e-Sharif, contract no. NPA/MEW/96/CS-1825/QCBS (the "Contract"). *Id.*, ¶¶ 13, 22.

19.     Unicon proceeded to perform its work pursuant to the Contract. *Id.*, ¶ 22.

20.     Respondent refused to pay Unicon for certain amounts due it. *Id.*, ¶ 23.

21.     The Award recounts allegations that Respondent's non-payment for services and related conduct followed Unicon's refusal to pay bribes. *Id.*, ¶¶ 168-173. The Tribunal made no findings of corruption in this arbitration, noting that corruption issues would be addressed in the parallel arbitration between the same Parties. *Id.*, ¶¶ 365-366.

22. Following arbitration, the Tribunal issued the Award directing Respondent to pay Unicon unpaid amounts, pre-award interest, compensation for environmental services, and a portion of Unicon's arbitration costs. *Id.*, ¶ 473.

## II. The Arbitration Agreement and Proceedings

23. Article 49 of the Contract's General Conditions states:

> Any dispute between the Parties arising under or related to this Contract that cannot be settled amicably may be referred to by either Party to the adjudication/arbitration in accordance with the provisions specified in the SCC [Special Conditions of Contract].

Alcitepe Decl., Exhibit 2, Contract, Art. 49.

24. Article 49.1 of the Special Conditions of Contract further states:

> Disputes shall be settled by arbitration in accordance with the following provisions:
>
> 1. Selection of Arbitrators. Each dispute submitted by a Party to arbitration shall be heard by a sole arbitrator or an arbitration panel composed of three (3) arbitrators, in accordance with the following provisions:
>
>> (a) Where the Parties agree that the dispute concerns a technical matter, they may agree to appoint a sole arbitrator or, failing agreement on the identity of such sole arbitrator within thirty (30) days after receipt by the other Party of the proposal of a name for such an appointment by the Party who initiated the proceedings, either Party may apply to The Federation Internationale des Ingenieurs-Conseil (FIDIC) of Lausanne, Switzerland for a list of not fewer than five (5) nominees and, on receipt of such list, the Parties shall alternately strike names therefrom, and the last remaining nominee on the list shall be the sole arbitrator for the matter in dispute. If the last remaining nominee has not been determined in this manner within sixty (60) days of the date of the list, The Federation Internationale des Ingenieurs-Conseil (FIDIC) of Lausanne, Switzerland shall appoint, upon the request of either Party and from such list or otherwise, a sole arbitrator for the matter in dispute.
>>
>> (b) Where the Parties do not agree that the dispute concerns a technical matter, the Client and the Consultant

shall each appoint one (1) arbitrator, and these two arbitrators shall jointly appoint a third arbitrator, who shall chair the arbitration panel. If the arbitrators named by the Parties do not succeed in appointing a third arbitrator within thirty (30) days after the latter of the two (2) arbitrators named by the Parties has been appointed, the third arbitrator shall, at the request of either Party, be appointed by the Secretary General of the Permanent Court of Arbitration, The Hague.

(c) If, in a dispute subject to paragraph (b) above, one Party fails to appoint its arbitrator within thirty (30) days after the other Party has appointed its arbitrator, the Party which has named an arbitrator may apply to the Secretary General of the Permanent Court of Arbitration, The Hague to appoint a sole arbitrator for the matter in dispute, and the arbitrator appointed pursuant to such application shall be the sole arbitrator for that dispute.

2. Rules of Procedure. Except as otherwise stated herein, arbitration proceedings shall be conducted in accordance with the rules of procedure for arbitration of the United Nations Commission on International Trade Law (UNCITRAL) as in force on the date of this Contract.

3. Substitute Arbitrators. If for any reason an arbitrator is unable to perform his/her function, a substitute shall be appointed in the same manner as the original arbitrator.

4. Nationality and Qualifications of Arbitrators. The sole arbitrator or the third arbitrator appointed pursuant to paragraphs 1(a) through 1(c) above shall be an internationally recognized legal or technical expert with extensive experience in relation to the matter in dispute and shall not be a national of the Consultant's home country or of the Government's country. For the purposes of this Clause, "home country" means any of:

(a) the country of incorporation of the Consultant; or

(b) the country in which the Consultant's principal place of business is located; or

(c) the country of nationality of a majority of the Consultant's shareholders; or

(d) the country of nationality of the Sub-consultants concerned, where the dispute involves a subcontract.

> 5. Miscellaneous. In any arbitration proceeding hereunder:
>
> (a) proceedings shall, unless otherwise agreed by the Parties, be held in Dubai, UAE;
>
> (b) the English language shall be the official language for all purposes; and
>
> (c) the decision of the sole arbitrator or of a majority of the arbitrators (or of the third arbitrator if there is no such majority) shall be final and binding and shall be enforceable in any court of competent jurisdiction, and the Parties hereby waive any objections to or claims of immunity in respect of such enforcement.

*Id.*, SCC Art. 49.

25. Pursuant to this arbitration agreement, Unicon notified Respondent of a dispute on December 3, 2019, and commenced this arbitration on January 7, 2020 by serving a Notice of Arbitration. Alcitepe Decl., Exhibit 1, Award, ¶¶ 26-27.

26. After the Parties agreed that the dispute concerned a technical matter and that a sole arbitrator should be appointed, *Id.*, ¶ 29, Unicon sought to commence the arbitrator appointment process. When that process did not result in the appointment of an arbitrator, the Secretary-General of the PCA designated Dr. Mohamed Abdel Raouf as appointing authority on July 1, 2020, and the appointing authority appointed Mohamed Shelbaya as Sole Arbitrator (the "Tribunal") on September 10, 2020. *Id.*, ¶¶ 40-45.

27. On January 29, 2021, Unicon submitted its Statement of Claim. *Id.*, ¶ 69.

28. On April 23, 2021, Respondent submitted its Statement of Defense. *Id.*, ¶ 70.

29. Respondent ceased participating in the arbitration after its counsel withdrew on September 11, 2021. *Id.*, ¶ 11. The Tribunal took steps to ensure that Respondent received communications in the proceedings and was satisfied that Respondent had adequate notice and a reasonable opportunity to present its case. *Id.*, ¶¶ 11-12.

30. On October 22, 2021, Unicon submitted its Statement of Reply. *Id.*, ¶¶ 115-116.

31. On January 25, 2022, the Tribunal noted that no correspondence had been received from Respondent for an extended period, and that the Respondent had not submitted its Rejoinder within the extended time limit. The Tribunal informed the Parties that the proceedings would continue notwithstanding the Respondent's non-participation. *Id.*, ¶ 124.

32. The hearing was held by videoconference on April 8, 2022. *Id.*, ¶¶ 125, 130.

33. On January 30, 2023, pursuant to Article 31(1) of the UNCITRAL Rules, the Tribunal declared the hearings closed. *Id.*, ¶ 144.

34. On February 17, 2023, the Tribunal rendered the Award.

35. The Tribunal found in favor of Unicon's claims for breach of contract, awarding damages and interest thereon as follows: (i) USD 881,810.00 plus pre-Award interest of USD 80,095.91; (ii) USD 281,232.20 for environmental services; (iii) USD 70,000.00 as Unicon's share of the costs of arbitration; and (iv) post-award simple interest at 5% per annum on the amounts awarded in (i)-(iii) from April 1, 2023 (inclusive) until payment. *Id.*, ¶¶ 302, 316, 322, 473.

36. The Tribunal further ordered that each Party bear its own legal representation costs. *Id.*, ¶ 471.

37. To date, Respondent has paid no portion of the Award. Alcitepe Decl. at ¶ 7.

### III. Post-Award Demand and Non-Payment

38. After the Award was issued, on August 2, 2023, Unicon wrote to the Ministry of Energy and Water attaching the Award and requesting payment of the awarded sums with interest. *See*, Alcitepe Decl., Exhibit 3.

39. On August 22, 2023, the Embassy of the Islamic Republic of Afghanistan in The Hague replied by email, forwarding a Ministry document and providing Ministry contact

addresses, but did not state when payment would be made. *See,* Alcitepe Decl., Exhibit 4.

40. On December 17, 2023, Unicon sent a further request asking when payment would be made; no response followed, and no payment has been made. *See,* Alcitepe Decl., Exhibit 5.

## **COUNT I FOR RECOGNITION OF ARBITRAL AWARD**

41. Petitioner Unicon repeats and re-alleges each and every allegation contained in the foregoing paragraphs and incorporates them herein by reference.

42. The United States is a contracting party to the New York Convention.

43. The New York Convention has been implemented in the United States by Chapter Two of the Federal Arbitration Act.

44. The Award is governed by the New York Convention because it was rendered in the United Arab Emirates, a country that is a signatory to the New York Convention, and because it arises out of a commercial dispute. The Award therefore falls under Section 202 of the Federal Arbitration Act. *See* 9 U.S.C. § 202.

45. The Federal Arbitration Act provides that the "court **shall** confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207 (emphasis added).

46. Under 9 U.S.C. § 207, the Court shall confirm the Award unless Respondent establishes an Article V defense; none applies here.

47. The Award has not been vacated, set aside, or suspended by any court at the seat (Dubai, United Arab Emirates) or elsewhere, and Respondent has not obtained any such relief.

48. None of the grounds available for refusal or deferral of recognition and enforcement of an award specified in the New York Convention apply to the Award.

49. Therefore, the Award should be confirmed pursuant to 9 U.S.C. § 207 and judgment in the United States should be entered for Petitioner Unicon.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that the Court enter an order and judgment:

(a)   Confirming the Award, including the relief therein, and entering judgment in favor of Unicon and against Respondent;

(b)   Pursuant to that Award, awarding to Unicon:

   (i)   $881,810.00 plus pre-Award interest of $80,095.91; plus

   (ii)   $281,232.20; plus

   (iii)   $70,000.00; and

   (iv)   post-award simple interest on all amounts awarded in (i) through (iii) - i.e., total of $1,313,138.11 – at an annual rate of 5%, running from April 1, 2023 (inclusive);

(c)   Awarding Petitioner Unicon costs and expenses, including reasonable attorney fees, incurred in this proceeding;

(d)   Awarding post-judgment interest under 28 U.S.C. § 1961; and

(e)   Granting such other and further relief as the Court deems just and proper.

Dated: February 12, 2026             Respectfully submitted,
             **RIMON, P.C.**

             /S/ AKIN ALCITEPE
             AKIN M. ALCITEPE (D.C. BAR NO. 481389)
             1050 CONNECTICUT AVENUE, NW, SUITE 500
             WASHINGTON, DC 20036
             PHONE: 202-680-4651
             EMAIL: AKIN.ALCITEPE@RIMONLAW.COM

             *Counsel for Petitioner Unicon Limited*